UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

QUINTIN HOLMES,

              Petitioner,

                   v.                               CAUSE NO. 3:21-CV-779-JD-MGG

WARDEN,

              Respondent.

<u>OPINION AND ORDER</u>

Quintin Holmes, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-20-8-81) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possessing a cellphone in violation of Indiana Department of Correction Offense 121. Following a hearing, he was sanctioned with a demotion in credit class. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Holmes argues that he is entitled to habeas relief because the administrative record consisted solely of a conduct report and a photograph and did not include an evidence record form or chain-of-custody documentation.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.

> Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). The conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision.").

> Departmental policy defines possession as:

> On one's person, in one's quarters, in one's locker or under one's physical control. For the purposes of these procedures, offenders are presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or within areas of their housing, work, educational or vocational assignment that are under their control.

Indiana Department of Correction, The Disciplinary Code for Adult Offenders, Policy No. 02-03-101 (effective March 1, 2020).[1] The administrative record includes a conduct report in which a correctional officer represents that he and another correctional officer found two plastic bags containing ten cellphones and other items wrapped in a bed sheet on top of the bunk assigned to Holmes. ECF 1-1 at 3. It also includes photographs of the contents of the plastic bags. *Id.* at 8-9. The conduct report and the photographs constitute some evidence that Holmes committed the offense of possessing a cellphone as defined by departmental policy. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

---

[1] This policy is available at https://www.in.gov/idoc/files/02-04-101-ADP-3-1-2020.pdf.

Holmes argues that he is entitled to habeas relief because correctional staff did not allow him to present the confiscated items as evidence but instead turned them over to internal affairs. He also argues that he was not allowed to present a surveillance video recording as evidence. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* It is unclear how access to the confiscated items would have assisted Holmes in demonstrating that he did not "possess" them as that term is defined by departmental policy. *See Jones v. Cross*, 637 F.3d 841, 846 (7th Cir. 2011) (applying harmless error analysis to a prison disciplinary proceeding); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003) (same). Further, the administrative record includes a written summary of the surveillance video recording prepared by the hearing officer. ECF 1-1 at 4. According to that summary, the video recording showed correctional staff conducting a search in the dormitory bay but did not show the specific location of the search within the dormitory bay or what was found during the search. *Id.* Consequently, the argument that Holmes was not allowed to present evidence is not a basis for habeas relief.

Holmes further argues that he is entitled to habeas relief because correctional staff did not stamp his facility-level administrative appeal documents as received and did not obtain his signature upon delivery of the facility-level decision. He maintains

that, in doing so, correctional staff failed to comply with departmental policy and denied his ability to appeal at the departmental level. While the right to procedural due process affords prisoners certain enumerated rights for disciplinary proceedings, the right to administrative appeal is not included among them. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974); *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (warning against adding additional due process protections beyond those provided by *Wolff*). Further, the failure to follow departmental policy alone does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, this claim is not a basis for habeas relief.

In sum, Holmes has not demonstrated that he is entitled to habeas relief, and the habeas petition is denied. If Holmes wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith. For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Quintin Holmes leave to proceed in forma pauperis on appeal.

4

SO ORDERED on November 16, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT